**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL GONZALEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS M. WRIGHT d/b/a CENTRAL BUSINESS BUREAU; SIERRA VIEW MEDICAL CENTER, INC.; and T.W. MACLENNAN, M.D., A MEDICAL CORPORATION, <br><br> Defendants. | **Case No.:** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> **1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;** <br><br> **2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, SAMUEL GONZALEZ, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, DENNIS M. WRIGHT d/b/a CENTRAL BUSINESS BUREAU, ("CBB"); SIERRA VIEW MEDICAL CENTER, INC., ("SIERRA VIEW"); and T.W. MACLENNAN, M.D., A MEDICAL CORPORATION, ("T.W."), with regard to Defendants' unlawful debt collection practices.

///

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

9. At all times relevant Plaintiff was an individual residing within the State of California.

10. All correspondence from Defendants was sent to Plaintiff at an address located within the State of California.

11. All contractual agreements referenced herein were entered into and executed within the State of California.

## JURISDICTION AND VENUE

12. This action arises out of Defendants' violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

13. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

///

14. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this judicial district.

15. Venue is proper in the United States District Court, Eastern District of California pursuant to 28 U.S.C. § 1391 as (i) Plaintiff resides in the County of Tulare, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

16. Plaintiff, SAMUEL GONZALEZ, is a natural person who resides in the City of Porterville, County of Tulare, State of California, from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiff, and is therefore a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant, DENNIS M. WRIGHT d/b/a CENTRAL BUSINESS BUREAU, ("CBB") is a sole proprietorship conducting business in Porterville, California.

18. CBB in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

19. CBB, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to CBB.

///

20. Defendant, SIERRA VIEW MEDICAL CENTER, INC., ("SIERRA VIEW") is a California corporation conducting business in Porterville, California.

21. SIERRA VIEW, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to SIERRA VIEW.

22. Defendant, T.W. MACLENNAN, M.D., A MEDICAL CORPORATION, ("T.W.") is a California corporation conducting business in Porterville, California.

23. T.W., in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to T.W.

24. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

25. Sometime before August of 2017, Plaintiff is alleged to have received medical services at Sierra View Medical Center.

26. Plaintiff is alleged to have incurred debts associated with these respective medical services in the amount of $3,644.72 to Sierra View Hospital, (the "Sierra Hospital Debt"); $1,530.53 to Sierra View Medical, (the "Sierra

Medical Debt"); and $158.00 to T. W. MacLennan, MD, (the "T.W. Debt"), (collectively the "Debts").

27. The Sierra Hospital Debt was placed with CBB for the purposes of debt collection under the direction and control of SIERRA VIEW.

28. The Sierra Medical Debt was placed with CBB for the purposes of debt collection under the direction and control of SIERRA VIEW.

29. The T.W. Debt was placed with CBB for the purposes of debt collection under the direction and control of T.W.

30. CBB's actions stated herein were conducted on behalf of, under the direction and control of, and while acting as the agent of, SIERRA VIEW and T.W. Therefore, SIERRA VIEW and T.W. are liable for all respective conduct of CBB alleged herein under the theory of vicarious liability.

31. On or about August 15, 2017, CBB, on behalf of, and under the direction and control of SIERRA VIEW and T.W., sent Plaintiff a collection letter demanding $6,709.75 on the Debts, plus interest.

32. The August 15, 2017 letter was an "initial communication" as that term is defined by 15 U.S.C. § 1692g. CBB failed to send Plaintiff the required validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

33. Through this conduct, CBB violated 15 U.S.C. § 1692g by failing to send Plaintiffs, within five days of the initial communication, a written notice containing: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by

the debt collector; and (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34. Though this conduct, CBB also violated Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702 by failing to include a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). Cal. Civ. Code § 1812.702 provides that any violation of Cal. Civ. Code § 1812.700, *et seq.* is violation of the RFDCPA; thus, CBB violated the RFDCPA, (Cal. Civ. Code § 1788, *et seq.*).

35. The August 15, 2017 letter stated:

> Unless payment in full reaches our office within 7 (seven) days from date hereof, our attorney has advised us to consider filling legal action . . . If legal action is filed it could result in a judgement against you which may include the cost of filing suit ($181.00) and the service of process ($35 per person) and attorney fees . . . .

36. The August 15, 2017 letter falsely threatened that a lawsuit would be filed to collect the Debts if payment was not received within seven (7) days.

37. The August 15, 2017 letter's purpose was to instill a false sense of urgency of an imminent lawsuit in order to coerce Plaintiff into paying the Debts.

38. Neither CBB, SIERRA VIEW, nor T.W. intended to file a lawsuit against Plaintiff as threatened by the collection letter.

39. Defendants' businesses do not encompass filing suits against consumers.

40. Defendants nevertheless threatened suit in order to deceive Plaintiff into paying the Debts within seven (7) days.

41. Seven (7) days after the August 15, 2017 letter was sent, and through the date of this filing, no legal action has been filed against Plaintiff for the Debts.

42. Moreover, CBB, as a mere agent of SIERRA VIEW and T.W., did not have contractual authority from its principles to file a lawsuit against Plaintiff for the Debts.

43. In the letter, CBB stated that CBB, on its own accord, could authorize filing a legal action against Plaintiff, even though as an agent it was not the real party in interest, nor did it have authority to file a suit.

44. Based on Defendants representations in the letter, Plaintiff believed a lawsuit against him was imminent.

45. Therefore, CBB, on behalf of and under the control of, SIERRA VIEW and T.W., intentionally attempted to coerce Plaintiff into paying the alleged Debts by: (i) falsely representing and implying that a lawsuit could and would be filed against Plaintiff to collect on the Debts owed to SIERRA VIEW and T.W., when no such a lawsuit was intended to be filed; (ii) drafting and designing a collection letter to instill a false sense of urgency in the reader; and (iii) falsely representing threats of an imminent lawsuit to coerce payments on the Debts.

46. Through this conduct, CBB, on behalf of and under the direction and control of, SIERRA VIEW and T.W., violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

47. On or about August 21, 2017, CBB, on behalf of, and under the direction and control of SIERRA VIEW and T.W., sent Plaintiff a collection letter

demanding $5,098.24 on the Debts, plus interest.

48. The August 21, 2017 letter stated:

> Unless payment in full reaches our office within 7 (seven) days from date hereof, our attorney has advised us to consider filling legal action . . . If legal action is filed it could result in a judgement against you which may include the cost of filing suit ($181.00) and the service of process ($35 per person) and attorney fees . . . .

49. The August 21, 2017 letter falsely threatened that a lawsuit would be filed to collect the Debts if payment was not received within seven (7) days.

50. The August 21, 2017 letter's purpose was to instill a false sense of urgency of an imminent lawsuit in order to coerce Plaintiff into paying the Debts.

51. Neither CBB, SIERRA VIEW, nor T.W. intended to file a lawsuit against Plaintiff as threatened by the collection letter.

52. Defendants' businesses do not encompass filing suits against consumers.

53. Defendants nevertheless threatened suit in order to deceive Plaintiff into paying the Debts within seven (7) days.

54. Seven (7) days after the August 21, 2017 letter was sent, and through the date of this filing, no legal action has been filed against Plaintiff for the Debts.

55. Moreover, CBB, as a mere agent of SIERRA VIEW and T.W., did not have contractual authority from its principles to file a lawsuit against Plaintiff for the Debts.

56. In the letter, CBB stated that CBB, on its own accord, could authorize filing a legal action against Plaintiff, even though as an agent it was not the real party in interest, nor did it have authority to file a suit.

57. Based on Defendants' representations in the letter, Plaintiff believed a lawsuit against him was imminent.

///

58. Therefore, CBB, on behalf of and under the control of, SIERRA VIEW and T.W., intentionally attempted to coerce Plaintiff into paying the alleged Debts by: (i) falsely representing and implying that a lawsuit could and would be filed against Plaintiff to collect on the Debts owed to SIERRA VIEW and T.W., when no such a lawsuit was intended to be filed; (ii) drafting and designing a collection letter to instill a false sense of urgency in the reader; and (iii) falsely representing threats of an imminent lawsuit to coerce payments on the Debts.

59. Through this conduct, CBB, on behalf of and under the direction and control of, SIERRA VIEW and T.W., violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.
## [AGAINST CBB]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

///

62. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
### [AGAINST ALL DEFENDANTS]

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

65. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

66. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00 from each defendant pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection stated herein;
- Any and all other relief that this Court deems just and proper.

Dated: September 14, 2017                         Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

67. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: September 14, 2017                         Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF